1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:11-CV-1662 JCM (NJK)

8   AMBER NICOLE MILNER,

9                  Plaintiff(s),

10   v.

11   BLAIR WILSON,

12                  Defendant(s).

13

14                                      **ORDER**

15         Presently before the court is plaintiff's, Amber Nicole Milner, motion to remand.  (Doc. #

16   33).  Defendant Blair Wilson filed a response in opposition (doc. # 35), and plaintiff filed a reply

17   (doc. # 36).

18   **I.    Background**

19         On or about January 17, 2010, plaintiff and defendant were in a car crash.  (Doc. # 1, Ex. A,

20   Compl. at p. 2).  At the time of the filing of the complaint, both plaintiff and defendant were

21   domiciled in Nevada.  (*Id.* at p. 1).  Plaintiff filed the complaint in state court on August 18, 2010.

22   (*Id.*).

23         Over one year later, on October 13, 2011, defendant removed the action to this court.  (Doc.

24   # 1, petition for removal).   As the basis for removal, defendant states that "[b]ased on

25   communications with Plaintiff's counsel, in or around September 2011, Plaintiff, Amber Nicole

26   Milner moved to South Dakota."  (*Id.* at ¶ 3).  Defendant sought to remove the action to this court

27   because after the filing of the complaint plaintiff moved to South Dakota, which, under the

28

**James C. Mahan**
**U.S. District Judge**

1   defendant's theory, created original jurisdiction under 28 U.S.C. § 1332. (*See id.*).  Defendant also

2   stated that "[t]his Notice of Removal is filed within 30 days after receipt of this information [that

3   plaintiff moved to a different state] in compliance with 28 U.S.C. § 1446(b)." (*Id.* at ¶ 4).

4        Almost exactly one year to the date after removal to this court, plaintiff filed the instant

5   motion to remand back to state court.

6   **II.    Legal Standard**

7        Federal district courts have original jurisdiction of all civil actions where (1) the matter in

8   controversy exceeds the sum or value of $75,000 and (2) the parties are citizens of different states.

9   28 U.S.C. § 1332(a).[1]  The Supreme Court has clearly held:

10       "It has long been the case that the jurisdiction of the court depends upon the state of things
         at the time of the action brought.  This time-of-filing rule is hornbook law (quite literally)
11       taught to first-year law students in any basic course on federal civil procedure.  It measures
         all challenges to subject-matter jurisdiction premised upon diversity of citizenship against
12       the state of facts that existed at the time of filing-whether the challenge be brought shortly
         after filing, after the trial, or even for the first time on appeal.  Challenges to subject-matter
13       jurisdiction can of course be raised at any time prior to final judgment."

14  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (internal citations and

15  quotations omitted); *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir.

16  2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity-

17  namely, that it is determined (and must exist) as of the time the complaint is filed and removal is

18  effected."); *Shemp v. Yamaha Corp. of America*, no. 2:06-cv-00565, 2006 WL 2669185, at *3 (D.

19  Nev. Sep. 18, 2006) ("The core principle of diversity removal jurisdiction is that complete diversity

20  must exist both at the time of removal and at the time the complaint was filed in state court.").

21       The removal statutes are construed restrictively, and doubts regarding the viability of removal

22  are resolved in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313

23  U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

24  . . .

25

26  _____

27       [1] Neither party mentions the potential for federal question jurisdiction under 28 U.S.C. §
    1331, and this court can find no basis for federal question jurisdiction on its own.  Therefore, the
28  court omits federal question jurisdiction from its analysis.

**James C. Mahan**
**U.S. District Judge**

1

**III.     Discussion**

2      Plaintiff argues that there are three reasons to remand this case back to state court: (1) that

3   diversity is determined at the time of the filing of the complaint; (2) this action was improperly

4   removed because of the home state rule–defendant was a citizen of Nevada at the time of the filing

5   of the complaint and is still a citizen of Nevada; and (3) a case may not be removed based on

6   diversity more than a year after the commencement of the action pursuant to 28 U.S.C. § 1446©.

7      Defendant argues that plaintiff has waived her ability to remand to state court because it is

8   untimely under 28 U.S.C. § 1447©.  28 U.S.C. § 1447© states that "a motion to remand the case on

9   the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days

10   after the filing of the notice of removal under section 1446(a)."  Defendant could be correct if

11   plaintiff's only justifications were her second (home state rule) and third (over one year since

12   commencement of action) stated reasons.  However, the court need not analyze those arguments.

13      28 U.S.C. § 1447© also states that "if at any time before final judgment it appears that the

14   district court lacks subject matter jurisdiction, the case shall be remanded."  It is uncontested that at

15   the time of the filing of the complaint that both plaintiff and defendant were citizens of Nevada. (*See*

16   Doc. # 1, Ex. A, Compl. at p. 2).  In the petition for removal, defendant states that "at the time

17   Plaintiff filed her Complaint, diversity jurisdiction did not exist because both Plaintiff and Defendant

18   were residents of Nevada."  (Doc. # 1, petition for removal at ¶ 2).

19      Diversity jurisdiction is determined at the time of the filing of the complaint. *See Grupo*, 541

20   U.S. 570-71.  At the time of the filing of the complaint, this court did not have original, diversity

21   jurisdiction.  Plaintiff's challenge to diversity jurisdiction is not untimely.  *See Grupo*, 541 U.S. 570

22   -71 (stating that challenges to subject matter jurisdiction premised upon diversity jurisdiction are

23   appropriate "whether the challenge be brought shortly after filing, after the trial, or even for the first

24   time on appeal").  This court does not have jurisdiction because of the time of filing rule.  The case

25   must be remanded back to state court.

26      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to

27   remand to state court (doc. #33) be, and the same hereby, is GRANTED.

28

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that the clerk of the court remand this case to state court upon

2  entry of this order.

3     DATED January 18, 2013.

4

5     _____

      UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James C. Mahan
U.S. District Judge                                    - 4 -