UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMBER NICOLE MILNER,<br><br>     Plaintiff(s),<br><br>v.<br><br>BLAIR WILSON,<br><br>     Defendant(s). | 2:11-CV-1662 JCM (NJK) |

**ORDER**

Presently before the court is plaintiff's, Amber Nicole Milner, motion to remand. (Doc. # 33). Defendant Blair Wilson filed a response in opposition (doc. # 35), and plaintiff filed a reply (doc. # 36).

**I.    Background**

On or about January 17, 2010, plaintiff and defendant were in a car crash. (Doc. # 1, Ex. A, Compl. at p. 2). At the time of the filing of the complaint, both plaintiff and defendant were domiciled in Nevada. (*Id.* at p. 1). Plaintiff filed the complaint in state court on August 18, 2010. (*Id.*).

Over one year later, on October 13, 2011, defendant removed the action to this court. (Doc. # 1, petition for removal). As the basis for removal, defendant states that "[b]ased on communications with Plaintiff's counsel, in or around September 2011, Plaintiff, Amber Nicole Milner moved to South Dakota." (*Id.* at ¶ 3). Defendant sought to remove the action to this court because after the filing of the complaint plaintiff moved to South Dakota, which, under the

**James C. Mahan**
**U.S. District Judge**

defendant's theory, created original jurisdiction under 28 U.S.C. § 1332. (*See id.*). Defendant also stated that "[t]his Notice of Removal is filed within 30 days after receipt of this information [that plaintiff moved to a different state] in compliance with 28 U.S.C. § 1446(b)." (*Id.* at ¶ 4).

Almost exactly one year to the date after removal to this court, plaintiff filed the instant motion to remand back to state court.

## II. Legal Standard

Federal district courts have original jurisdiction of all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000 and (2) the parties are citizens of different states. 28 U.S.C. § 1332(a).[1] The Supreme Court has clearly held:

> "It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought. This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing-whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. Challenges to subject-matter jurisdiction can of course be raised at any time prior to final judgment."

*Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004) (internal citations and quotations omitted); *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[W]e start with the core principle of federal removal jurisdiction on the basis of diversity-namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected."); *Shemp v. Yamaha Corp. of America*, no. 2:06-cv-00565, 2006 WL 2669185, at *3 (D. Nev. Sep. 18, 2006) ("The core principle of diversity removal jurisdiction is that complete diversity must exist both at the time of removal and at the time the complaint was filed in state court.").

The removal statutes are construed restrictively, and doubts regarding the viability of removal are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

. . .

---

[1] Neither party mentions the potential for federal question jurisdiction under 28 U.S.C. § 1331, and this court can find no basis for federal question jurisdiction on its own. Therefore, the court omits federal question jurisdiction from its analysis.

**James C. Mahan
U.S. District Judge**

- 2 -

**III. Discussion**

Plaintiff argues that there are three reasons to remand this case back to state court: (1) that diversity is determined at the time of the filing of the complaint; (2) this action was improperly removed because of the home state rule–defendant was a citizen of Nevada at the time of the filing of the complaint and is still a citizen of Nevada; and (3) a case may not be removed based on diversity more than a year after the commencement of the action pursuant to 28 U.S.C. § 1446©.

Defendant argues that plaintiff has waived her ability to remand to state court because it is untimely under 28 U.S.C. § 1447©. 28 U.S.C. § 1447© states that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Defendant could be correct if plaintiff's only justifications were her second (home state rule) and third (over one year since commencement of action) stated reasons. However, the court need not analyze those arguments.

28 U.S.C. § 1447© also states that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." It is uncontested that at the time of the filing of the complaint that both plaintiff and defendant were citizens of Nevada. (*See* Doc. # 1, Ex. A, Compl. at p. 2). In the petition for removal, defendant states that "at the time Plaintiff filed her Complaint, diversity jurisdiction did not exist because both Plaintiff and Defendant were residents of Nevada." (Doc. # 1, petition for removal at ¶ 2).

Diversity jurisdiction is determined at the time of the filing of the complaint. *See Grupo*, 541 U.S. 570-71. At the time of the filing of the complaint, this court did not have original, diversity jurisdiction. Plaintiff's challenge to diversity jurisdiction is not untimely. *See Grupo*, 541 U.S. 570 -71 (stating that challenges to subject matter jurisdiction premised upon diversity jurisdiction are appropriate "whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal"). This court does not have jurisdiction because of the time of filing rule. The case must be remanded back to state court.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to remand to state court (doc. #33) be, and the same hereby, is GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED that the clerk of the court remand this case to state court upon
2 entry of this order.
3    DATED January 18, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -